# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: May 28, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| ANDREW CAMPBELL, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 16-996V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Dismissal; Petitioner's Motion for |
| AND HUMAN SERVICES, | * | Decision; Varicella; Irritable |
| | * | Bowel Disease ("IBD"). |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

<u>Diana L. Stadelnikas</u>, Maglio Christopher & Toale PA (FL), Sarasota, FL, for petitioner.
<u>Jay M. All</u>, United States Department of Justice, Washington, DC for respondent.

## DECISION[1]

On August 12, 2016, Andrew Campbell ("petitioner") filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that as a result of a varicella vaccination received on August 14, 2013, petitioner developed injuries including inflammatory bowel disease (IBD) with residual injuries and/ or complications lasting for more than six months. Petition (ECF No. 1). The information in the record, however, does not show entitlement to an award in the Program.

On May 20, 2019, petitioner filed a motion for a decision denying compensation. Petitioner's Motion (ECF No. 20). The motion provides that petitioner has filed all evidence that he believes is relevant to this matter and does not intend to file further evidence in support of his

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

case. *Id.* at ¶ 1.  Petitioner waives the right to any hearing or further proceedings in this matter.  *Id.* at ¶ 2.  Petitioner moves for a decision denying compensation.  *Id.* at ¶ 3.  Petitioner understands that a decision by the special master dismissing his petition will result in a judgment against him and that such a judgment will end all of his rights in the Vaccine Program.  *Id.* at ¶ 4.  Petitioner may apply for fees and costs once his entitlement case has concluded.  *Id.* (citing Section 15(e)).  Petitioner's motion should not be construed as an admission, concession, or waiver as to any matters raised by respondent to petitioner's request for attorneys' fees and costs.  *Id.* at 5.  Petitioner intends to protect her rights to file a civil action in the future.  Therefore, pursuant to Section 21(a)(2), petitioner intends to elect to reject the Vaccine Program judgment and to file a civil action.  *Id.* at ¶ 6.

To receive compensation in the Vaccine Program, petitioner must prove either: (1) that he suffered a "Table Injury," i.e., an injury beginning within a specified period of time following receipt of a corresponding vaccine listed on the Vaccine Injury Table, or (2) that he suffered an injury that was caused-in-fact by a covered vaccine.  §§ 13(a)(1)(A); 11(c)(1).  An examination of the record does not support a finding that petitioner suffered a "Table injury."  Further the record does not contain persuasive evidence that petitioner suffered an injury that was caused-in-fact by the varicella vaccination he received on August 14, 2013.

Under the Vaccine Act, the Vaccine Program may not award compensation solely based on a petitioner's own claims.  Rather, a petitioner must support his claim with either medical records or the opinion of a competent physician.  § 13(a)(1).  In this case, the medical records do not establish causation for either a "Table Injury" *or* an "off-Table" injury which was caused-in-fact by the vaccine.  With regard to the "off-Table" injury, petitioner has submitted an expert report in support of his claim.  However, it does not appear that the expert reviewed the medical records prior to vaccination, which are not mentioned in the petition but do reflect a history of gastrointestinal issues.  *See* Scheduling Order filed on April 4, 2019 (ECF No. 50) at 2.  Based on my review of the medical records, my view is that it will be difficult for petitioner to establish that the varicella vaccine was the cause in fact of his Crohn's disease.  *Id.* at 2.  If petitioner wished to proceed with the case, he would need to amend the petition and pursue a claim that the vaccine *significantly aggravated* that underlying condition.  However, that claim would also be difficult. *Id.*  Petitioner has not amended the petition or submitted a supplemental expert report.  Therefore, I agree that petitioner has not met his burden of proof. Therefore, his claim cannot succeed and it must be dismissed.  § 11(c)(1)(A).

**Thus, petitioner's motion is GRANTED.  This matter is DISMISSED for insufficient proof.  The Clerk of the Court shall enter judgment accordingly.[3]**

**IT IS SO ORDERED.**

                                                  **s/Thomas L. Gowen**
                                                  Thomas L. Gowen
                                                  Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review.  Vaccine Rule 11(a).