# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: October 21, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| ANDREW CAMPBELL, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 16-996V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs; Expert |
| AND HUMAN SERVICES, | * | Rate; Expert Hours Expended. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

Diana L. Stadelnikas, Maglio Christopher & Toale, PA, Sarasota, FL, for petitioner.
Alexis B. Babcock, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On August 5, 2019, Andrew Campbell ("petitioner") filed a motion for attorneys' fees and costs. For the reasons discussed below, petitioner is awarded **52.114.54** in attorneys' fees and costs and **$568.41** in petitioner's costs.

### I. Procedural History

On August 12, 2016, petitioner, acting *pro se*, filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petition and Petitioner's Exhibits ("Pet. Exs.")

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1-19 (ECF No. 1).³  Petitioner alleged that as a result of a varicella vaccination received on August 14, 2013, he sustained injuries including inflammatory bowel disease ("IBD"), which was later diagnosed as Crohn's disease.  *Id.* at Preamble.  The case was assigned to my docket.

On October 5, 2016, an initial status conference was held.  I encouraged petitioner to retain an attorney.  Initial Order filed October 6, 2016 (ECF No. 6).  On January 30, 2017, petitioner filed a motion to end his *pro se* status and to be represented by attorney Diana L. Stadelnikas.  Pet. Motion to Substitute Counsel filed January 30, 2017 (ECF No. 10).  I granted the motion that same day.  Order filed January 30, 2017 (ECF No. 11).  I held another status conference and directed petitioner, through his counsel, to file additional documentation supporting the claim.  Scheduling Order filed March 24, 2017 (ECF No. 13).

Afterwards, respondent filed a status report providing that respondent had reviewed the medical records and affidavits filed to date and intended to defend the claim.  Status Report filed August 24, 2017 (ECF No. 21).  In accordance with my orders, petitioner filed an expert report from Dr. John J. Santoro.  Pet. Ex. 31 filed May 24, 2018 (ECF No. 30).  Respondent filed a responsive expert report from Dr. Chris A. Liacouras.  Resp. Ex. A filed August 22, 2018 (ECF No. 36).

During a status conference on September 4, 2018, petitioner raised an oral motion to exclude respondent's expert.  Scheduling Order filed September 5, 2018 (ECF No. 37); *see also* Resp. Response filed October 5, 2018 (ECF No. 39).  Petitioner later withdraw the motion to exclude.  Motion filed November 6, 2018 (ECF No. 42); Scheduling Order filed November 7, 2018 (ECF No. 43).  On March 4, 2019, respondent filed a report pursuant to Vaccine Rule 4(c), in which respondent recommended against compensation.  Respondent's Report ("Resp. Rept.") (ECF No. 49).

On April 3, 2019, I held a status conference pursuant to Vaccine Rule 5.  I discussed that in his initial report, petitioner's expert Dr. Santoro did not mention petitioner's history of gastrointestinal problems prior to receiving the varicella vaccine.  I discussed the likelihood that petitioner's Crohn's disease began before the varicella vaccine, which would limit petitioner to a significant aggravation claim and would necessitate a supplemental expert report.  I directed petitioner, counsel, and the expert to discuss these issues.  Scheduling Order filed April 4, 2019 (ECF No. 50).  Petitioner did not file a supplemental expert report.  Rather, he then filed a motion for a decision dismissing the petition.  Pet. Mot. filed May 20, 2019 (ECF No. 12).  I subsequently granted the motion and dismissed the case for insufficient proof.  Decision filed May 28, 2019 (ECF No. 59); *see also* Judgment entered June 28, 2019 (ECF No. 62).

On August 5, 2019, petitioner filed a motion for attorneys' fees and costs.  Petitioner's Fee Application ("Fee App.") (ECF No. 65).  Petitioner requested $39,781.00 in attorneys' fees, $19,133.54 in attorneys' costs, and $568.41 in petitioner's costs.  Fee App. Tab 1 at 21, Tab 2 at

---

³ The petition was originally filed when petitioner was a minor, by his mother.  The caption was subsequently changed to reflect that petitioner was no longer a minor and should be listed as the petitioner in his own right.  Petitioner's Motion to Amend Case Caption filed July 18, 2019 (ECF No. 34); Order filed July 19, 2018 (ECF No. 35).

2, Tab 3 at 1.  On August 20, 2019, respondent filed a response.  Resp. Response (ECF No. 66).  Respondent was "satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent did not raise any specific objections to the hourly rates, time expended, or costs incurred but instead, "respectfully recommend[ed] that the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.  On August 20, 2019, petitioner filed a reply.  Pet. Reply (ECF No. 67).  This matter is now ripe for adjudication.

## II.   Legal Standard

Under Section 15(e) of the Vaccine Act, a special master "may" award reasonable attorneys' fees and costs "if the special master determines that the petition was brought in good faith and there was a reasonable basis for which the petition was brought" even when a petition does not result in compensation for petitioner.  § 15(e)(1).  In this case, although respondent recommended against compensation, respondent provided that the statutory requirements for an award of attorneys' fees and costs were met.  Respondent did not question the existence of either good faith or reasonable basis for this claim.  In light of respondent's lack of specific objection and my review of the case, I find that these requirements were indeed met.

The Vaccine Act permits an award of "reasonable" attorneys' fees and costs.  42 U.S.C. § 300aa-15(e)(1).  The Federal Circuit has approved the use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines the reasonable hourly rate, which is then applied to the number of hours reasonably expended on the litigation.  *Id.* at 1347-58 (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).

Petitioners "bea[r] the burden of establishing [that] the hours expended, the rates charged, and the expenses incurred" are reasonable.  *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993).  Adequate proof of the claimed fees and costs should be presented when the motion is filed.  *Id.* at 484 n.1.  The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent.  *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008).  Special masters may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed.  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993).  A line-by-line evaluation of the billing records is not required.  *Wasson*, 24 Cl. Ct., *aff'd in relevant part*, 988 F.2d 131 (Fed Cir. 1993) (per curiam).

## III.  Discussion

### A.  Reasonable Hourly Rates

A "reasonable hourly rate" is defined as the rate ""prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n. 11).  In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the

3

practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F.3d at 1349). There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Human Servs.* 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999).

In cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293-V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). All current special masters have adopted the reasoning in *McCulloch* for determining reasonable hourly rates for attorneys practicing in the Vaccine Program. The Office of Special Masters has published hourly rate fee scheduled based on *McCulloch* and updated for subsequent years.[4]

In this case, petitioner requested that his attorney of record Ms. Diana Stadelnikas be awarded $372.00 per hour for work performed in 2017, $396.00 per hour in 2018, and $415.00 per hour in 2019. He requested that attorney Altom Maglio be awarded $362.00 per hour in 2017 and $381.00 per hour in 2018. He requested that various paralegals received $145.00 per hour in 2017, $148.00 per hour in 2018, and $154.00 in 2019. Finally, he requested that a paralegal specializing in medical records received $140.00 per hour in 2018 and $145.00 per hour in 2019. Fee App., Tab 1 at 21. I and other special masters have previously awarded these rates. *See, e.g.*, *Childree v. Sec'y of Health & Human Servs.*, No. 17-484V, 2019 WL 4911068 (Fed. Cl. Spec. Mstr. Sept. 30, 2019); *Colapietro v. Sec'y of Health & Human Servs.*, No. 17-785V, 2019 WL 4415741 (Fed. Cl. Spec. Mstr. Aug. 13, 2019); *Smith v. Sec'y of Health & Human Servs.*, No. 15-33V, 2019 WL 2246728 (Fed. Cl. Spec. Mstr. May 13, 2019). I find that they are also reasonable and should be awarded in the present case.

### B.  Reasonable Hours Expended

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). In this case, respondent did not directly challenge the nature of any of the work or the total hours expended. Upon review, I find that the hours are generally reasonable and adequately documented. Accordingly, they are awarded without adjustment. **Therefore, petitioner is awarded $39,781.00 in attorneys' fees.**

### C.  Reasonable Attorneys' Costs

Like attorneys' fees, costs incurred – by counsel or the petitioner himself – must also be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cir. 1992). Here, petitioner requested attorneys' costs totaling $19,133.54. These include the costs of

---

[4] OSM Attorneys' Forum Hourly Rate Fee Schedules, at http://www.cofc.uscourts.gov/node/2914.

obtaining medical records, medical literature, and postage. Fee App., Tab 2 at 1-34, 40-69. These are adequately documented and generally reasonable. Thus, they are awarded without adjustment.

The most significant category of costs requested in this case stem from petitioner's expert, Dr. John Santoro. Fee App., Tab 2 at 35-39, 70. He requested $500 per hour for 36 hours of work, for a total request of $18,000.00. Upon review, it seems that Dr. Santoro has limited experience in the Vaccine Program. He has only received payment in two prior cases, in which the special masters consistently found that a more reasonable rate for Dr. Santoro was $400.00 per hour. *Carda v. Sec'y of Health & Human Servs.*, No. 14-191V, 2016 WL 5224406 (Fed. Cl. Spec. Mstr. Aug. 19, 2016); *Carda*, 2017 WL 1709707 (Fed. Cl. Spec. Mstr. March 23, 2017); *Ploughe v. Sec'y of Health & Human Servs.*, No. 14-626V, 2017 WL 4455632 (Fed. Cl. Spec. Mstr. Sept. 11, 2017). In the case before me, I do not find that Dr. Santoro's experience, qualifications, and/ or quality of work have significantly changed to merit an increased rate. Accordingly, I will also award Dr. Santoro $400.00 per hour. **This results in a reduction of $3,600.00.**

Dr. Santoro billed a total of 36 hours on this case. This is made up of 5 hours for "retainer initial case review and case conference/ discussion", 10 hours for "case records comprehensive review", 17 hours on "literature research and review", 3 hours on "letter [i.e., expert report] preparation, correction, and revision", and 1 hour on "pre- & post- letter [i.e., expert report] phone conferences." Fee App., Tab 2 at 70. Dr. Santoro's first and only expert report submitted in this case contained a helpful background information on inflammatory bowel disease (IBD), Crohn's disease, and ulcerative colitis. He cited relevant literature and provided an analysis under the *Althen* prongs for proving causation-in-fact. Unfortunately, Dr. Santoro did not seem to review petitioner's medical records. His "brief summary of the case" appears to have been copied and pasted from the petition (filed *pro se*, prior to the retention of counsel and the expert). *Compare* Petition to Ex. 31 at 2-5. Therefore, Dr. Santoro did not apply his own medical expertise to summarizing the medical records and drawing out the most significant facts. Additionally, Dr. Santoro failed to address petitioner's *pre-vaccination* history of gastrointestinal problems. As discussed at the Rule 5 status conference, this omission "weaken[ed] [Dr. Santoro's] opinion supporting vaccine causation. Scheduling Order (ECF No. 50) at 2. Because Dr. Santoro's report suggests that he did not spend significant time reviewing the medical records, I will deduct 8 hours from his invoice. **This results in a further reduction of $3,200.00. Therefore, petitioner is awarded a total $12,333.54 in attorneys' costs.**

### D.  Reasonable Petitioner's Costs

Petitioner submitted a statement in compliance with General Order #9 which states that petitioner personally incurred costs related to the litigation of this matter in the amount of $568.41. Fee App., Tab 3 at 1. These costs are adequately documented and generally reasonable. Fee App., Tab 3 at 2-3. **Accordingly, petitioner is reimbursed for costs in the amount of $568.41.**

### IV.    Conclusion

In accordance with the foregoing, petitioner's application for attorneys' fees and costs is **GRANTED**. I award the following reasonable attorneys' fees and costs:

| | |
|---|---|
| **Attorneys' Fees Awarded** | **$39,781.00** |
| Attorneys' Costs Requested | $19,133.54 |
| *Reduction (Expert Rate)* | -$ 3,600.00 |
| *Reduction (Expert Hours)* | -$ 3,200.00 |
| **Attorneys' Costs Awarded** | **$12,333.54** |
| **Attorneys' Fees and Costs Awarded** | **$52,114.54** |
| **Petitioner's Costs Awarded** | **$    568.41** |

Accordingly, I award the following:

1) **A lump sum in the amount of $52.114.54, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel Diana L. Stadelnikas of Maglio, Christopher & Toale PA.[5]**

2) **A lump sum in the amount of $568.41, representing reimbursement for the costs petitioner personally incurred in the prosecution of this claim, in the form of a check payable solely to petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[5] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[6] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).